UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

JIMMIE EUGENE WHITE II,

                  Defendant.

Case Number 13-20423
Honorable David M. Lawson

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING MOTION TO SUPPRESS

Presently before the Court is the defendant's motion for reconsideration of the Court's opinion and order denying the defendant's motion to suppress evidence derived from real time cell phone and GPS tracking. White contends that the evidence seized from his house should be suppressed.

Motions for reconsideration may be granted under to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

The defendant argues that the Court should have ordered suppression of the evidence seized at this house pursuant to a search warrant. He contends that the supporting affidavit did not contain sufficient facts to justify a finding of probable cause to believe that evidence of drug trafficking

would be found there. White cites in support *United States v. Buffer*, 529 F. App'x 482 (6th Cir. 2013), an unpublished decision of the Sixth Circuit. White believes that the case establishes binding precedent, but he is mistaken. "[A]n unpublished opinion . . . does not constitute binding precedent. *Gunner v. Welch*, 749 F.3d 511, 515 (6th Cir. 2014) (citing *United States v. Utesch*, 596 F.3d 302, 312 (6th Cir. 2010)).

Even if *Buffer* were binding on this Court, it would not help White. The case does not support his argument that the search warrant affidavit in this case was deficient, as *Buffer* is factually distinguishable. Moreover, the Court already found that the search warrant for the residence was properly supported, and White's argument amounts to nothing more than an attempt to rehash legal questions that the Court has decided earlier.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt. #124] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 29, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 29, 2014.

s/Susan Pinkowski
SUSAN PINKOWSKI