UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

Case Number 13-20423
Honorable David M. Lawson

v.

JIMMIE EUGENE WHITE II,

                Defendant.

_____/

## OPINION AND ORDER DENYING MOTIONS TO DISQUALIFY JUDGE DAVID M. LAWSON AND TO STAY ALL PROCEEDINGS AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FRAUD UPON THE COURT

Defendant Jimmie Eugene White II, despite the Court's exhortations to the contrary, is representing himself in this criminal prosecution. The case is scheduled for trial to begin on January 13, 2015. White is charged with various drug distribution and firearms offenses. The Court has ruled on several pretrial motions, some filed after the motion filing deadline. The rulings have not favored White or resulted in a dismissal of his case. White has filed a notice of appeal, seeking interlocutory review of the denial of a motion denying reconsideration of a suppression motion. In his latest motions, White seeks to disqualify the undersigned judge, alleging prejudice and personal bias. However, White has not identified any extrajudicial conduct as the source of his allegations; instead, he disagrees with several of the Court's previous rulings and the Court's characterization of the factual record. White also has moved for a stay of all trial proceedings pending his appeal. White filed an additional motion to dismiss for lack of subject matter jurisdiction and fraud upon the Court. White believes that the Court lacks subject matter jurisdiction because of the delay between the alleged criminal conduct and the criminal indictment. For the reasons discussed below, White's motions will be denied.

I.

The parties are familiar with the facts of the case, which have been set out in previous opinions and orders addressing earlier motions. It is sufficient to note here that the indictment in this case is based on an investigation into White's activities in 2010. DEA agents executed a federal search warrant at the defendant's home on May 14, 2010, seizing controlled substances, guns, and cash. However, White was not indicted until 2013.

Three separate attorneys have represented White in this case, and motions were filed on his behalf. White filed some motions on his own as well. The Court has filed opinions denying White's motion to suppress evidence allegedly derived from cell phone and GPS tracking data, a motion to dismiss for violation of the speedy trial act, and a motion to dismiss for violation of the Interstate Agreement on Detainers. The Court has entered other orders denying motions based on bench rulings. White presently has standby counsel appointed under the Criminal Justice Act to assist him if he desires. Standby counsel has been engaged in a trial in another case and has informed the Court that he will be available to begin this trial this coming Tuesday.

The Court has endeavored to bring this case to trial for several months. Trial has been continued because of problems arising from changes in attorneys, adjournment requests from White himself occasioned by his desire to file additional motions, and related delays. White seeks a further delay, apparently so he can pursue an interlocutory appeal, which the rules do not allow. He is displeased with the Court's view of the legal positions he has taken, and he translates that disagreement into suspicions of bias. Because White asks that his case be assigned to another judge, the disqualification motion will be addressed first.

II.

All parties, and criminal defendants in particular, are entitled under the Due Process Clause to a "fair trial in a fair tribunal before a judge with no actual bias against the defendant." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (internal quotation marks omitted); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). To ensure that right, Congress has provided that a judge presiding over a case "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," such as when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Under section 455, a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality. *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)).

However, prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S. C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir.1990) (internal quotation marks omitted). Personal bias may arise from the judge's background or associations that "result[ ] in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Ibid.* (internal quotation marks omitted). But bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Therefore, disagreement with a judge's decision or

ruling is not a basis for disqualification. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (interpreting section 455).

White's allegations of judicial bias stem from his disagreement with the Court's prior rulings, nothing more. *See, e.g.*, Def.'s Mot. at 4 ("Now that I have evidence of the US government violating my right to due process under the color of law Judge Lawson is abusing his discretion by not applying the law."). He argues that the Court erroneously denied his motion to dismiss, improperly denied his motion for reconsideration, and mis-characterized the factual allegations in several other motions. And he contends that the Court unfairly denied his motion to dismiss and for return of property as untimely because he was never informed about the motion filing deadline. As noted above, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. White has presented no evidence that the Court's perceptions about the case emanate from anything other than the law or factual record.

Another point must be addressed: recusal is not to be taken lightly. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Judges must not "abdicate in difficult cases at the mere sound of controversy." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). "That is because the disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989). In making its determination, a court must remember that

"where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

The Court will deny White's motion to disqualify because he has failed to present any evidence of personal or extrajudicial bias against him.

III.

White argues in his motion that the proceedings should be stayed during the pendency of his appeal of the Court's order denying his motion for reconsideration of his motion to suppress. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)).

However, '[t]he general rule that an appeal to the circuit court deprives the district court of jurisdiction as to any matters involved in the appeal is neither 'a creature of statute' nor 'absolute in character.'" *Jago v. U.S. Dist. Court, N. Dist. of Ohio, E. Div. at Cleveland*, 570 F.2d 618, 622 (6th Cir. 1978) (quoting *Hoffman v. Beer Drivers & Salesmen's Local Union 888*, 536 F.2d 1268, 1276 (9th Cir. 1976)). A district court retains jurisdiction to enter remedial orders not affecting the merits of the appeal and to proceed with a case when the notice of appeal is from a "patently non-appealable order." *Holloway*, 740 F.2d at 1382; *see also Cochran*, 651 F.2d at 1222 ("A

majority of the circuits which have considered the matter hold that a notice of appeal from a plainly nonappealable order may properly be ignored by the district court.").

The orders White seeks to appeal are not appealable at this time. "It is well-settled that a criminal defendant cannot take an immediate appeal from an order denying a pretrial motion to suppress evidence." *United States v. Shameizadeh*, 41 F.2d 266, 267 (6th Cir. 1994) (citing *Di Bella v. United States*, 369 U.S. 121, 130-31 (1962)) ("Congress did grant the Government the right to appeal from orders granting pre-trial motions to suppress the use of seized narcotics as evidence; but, though invited to so, it declined to extend the right to all suppression orders."); *see also* 6 Search & Seizure § 11.7(a) (5th ed.) ("Should a defendant be unsuccessful on his pretrial motion to suppress, he might prefer to take an immediate appeal of that ruling instead of standing trial. May he do so? The answer in the great majority of jurisdictions is no, for the reason that the ruling is not final.").

White's notice of appeal states that he seeks an appeal from the Court's order denying his motion for reconsideration of the denial of his motion to continue, motion to dismiss, motion to suppress, motion for discovery, request for a bill of particulars, and request for a subpoena duces tecum and motion to return property, motion to dismiss, and probable cause to file a criminal complaint. The Court's order is non-appealable until a final judgment is entered. White's request to stay all proceedings therefore is denied.

IV.

White argues in his motion and, in a separately titled motion to dismiss, that the Court lacks subject matter jurisdiction. "The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. § 3231, which grants '[t]he district courts of the United States

. . . original jurisdiction . . . of all offenses against the laws of the United States.'" *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

White is charged in a four-court indictment with violating specified federal firearm and drug statutes. Therefore, 18 U.S.C. § 3231 explicitly confers subject matter jurisdiction on this Court. Nevertheless, White contends in his motion to dismiss that the Court lacks subject matter jurisdiction because of the delay between the alleged criminal conduct and the criminal indictment and other alleged wrongdoing. The Court has addressed those concerns when adjudicating previous motions in this case and found no merit in White's position. More to the point, here, however, "§ 3231 grants the district courts jurisdiction — the power to hear the case — no matter how much time elapsed between the criminal conduct and the criminal indictment and no matter what the Government ultimately proves or fails to prove." *Titterington*, 374 F.3d at 459. White's motion to dismiss for lack of subject matter jurisdiction will be denied.

V.

White has not established any of the grounds for recusal set out in 28 U.S.C. § 455. Nor has he shown a lack of jurisdiction or any other reason to stay or dismiss his case.

Accordingly, it is **ORDERED** that White's motion to disqualify Judge David M. Lawson and stay all the proceedings [dkt. #132] is **DENIED.**

It is further **ORDERED** that White's motion to dismiss for lack of subject matter jurisdiction and fraud upon the Court by an officer of the Court [dkt. #131] is **DENIED.**

It is further **ORDERED** that trial will begin on **January 13, 2015 at 8:30 a.m.**

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated:   January 8, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2015.

            s/Susan Pinkowski
           SUSAN PINKOWSKI