UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case Number 13-20423
Honorable David M. Lawson

JIMMIE EUGENE WHITE II,

        Defendant.

_____/

### ORDER DENYING NOTICE OF VIOLATIONS OF U.S. CODE SECTION 3161(B)(C)(1)(H)(7)(A), AND DOUBLE JEOPARDY, AND DEMAND FOR DISMISSAL, NOTICE TO QUASH, VACATE PROCEEDINGS, AND TO DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION, AND REQUEST TO REMOVE ATTORNEY ROBERT KINNEY AS COUNSEL FOR DEFENDANT

On the day before trial was to begin, the defendant filed papers styled as a notice for violations of U.S. Code section 3161(b)(c)(1)(h)(7)(A) [sic] (apparently referencing the Speedy Trial Act) and double jeopardy due to the dilatory and retaliatory actions of this Court and Assistant U.S. Attorney Kevin Mulcahy and demand for dismissal, a notice to quash, vacate proceedings, and to dismiss the case for lack of subject matter jurisdiction, and a request to remove attorney Robert Kinney as counsel for the defendant. The Court addressed the defendant's motions on the record before trial commenced and denied all of his motions.

The defendant contends in his papers that his rights under the Double Jeopardy Clause have been violated when the Court declared a mistrial after his actions aborted the first attempt to bring him to trial. He argues that a mistrial would not have been necessary absent his competency evaluation, which he argues his attorney requested without his consent, and which the Court ordered supposedly as a retaliatory measure because of his prior filings, notices, lawsuits, and complaints.

The Double Jeopardy Clause of the Fifth Amendment states "that no person shall twice be put in jeopardy of life or limb for the same offense, whether by being twice punished or twice tried." *United States v. Gantley*, 172 F.3d 422, 427 (6th Cir. 1999). "The Double Jeopardy Clause, however, does not act as an absolute bar to reprosecution in every case." *Ibid.* "[W]here circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *United States v. Jorn*, 400 U.S. 470, 485 (1971); *see also Oregon v. Kennedy*, 456 U.S. 667, 679 (1982) ("[T]he circumstances under which . . . a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial."). "Alternatively . . . 'reprosecution is not barred where a "manifest necessity" exists to declare a mistrial in the defendant's initial prosecution.'" *Gantley*, 172 F.3d at 427 (quoting *United States v. Cameron*, 953 F.2d 240, 243 (6th Cir. 1992)). "Put more simply, "[o]nce jeopardy attaches, prosecution of a defendant before a jury other than the original jury . . . is barred unless (1) there is a 'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial."'" *Ibid.* (quoting *Watkins v. Kassulke*, 90 F.3d 422, 427 (6th Cir. 1996)).

The Court granted the mistrial on the defendant's own motion, after the original trial was suspended due to the obvious need to examine the defendant's mental competency. Once competency was determined, defense counsel recognized the difficulty of re-assembling the jury and continuing trial. The Court agreed with his assessment and granted his mistrial request. If fault lies with anyone for the mistrial, it is with the defendant. The defendant's own dilatory actions

-2-

undermined the Court's efforts to bring the case to trial, precipitated the delay necessitated by a competency evaluation, and made it impossible to reassemble the jury after he was found competent to stand trial. The defendant's present motion to dismiss is without merit.

The defendant has also filed a motion to dismiss the case for lack of subject matter jurisdiction and for violations of the Speedy Trial Act. The Court previously has addressed and rejected the defendant's arguments and the defendant has failed to show any error of fact or law by which the Court and parties were misled. And, in any event, the defendant's motions are untimely. Under Rule 12 of the Federal Rules of Criminal Procedure, "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions." Fed. R. Cr. P. 12(c)(1). The Court did so in this case and the motion filing deadline has long passed.

Lastly, the defendant has filed a request to remove attorney Robert Kinney as defense counsel. Alternatively, the defendant has requested Mr. Kinney to surrender his law license to him, post a surety bond, and pay him $10,000 for the privilege of representing him.

After the defendant had been represented and discharged by at least three attorneys, the Court granted his request to represent himself at trial. However, on May 1, 2015, Mr. White stated on the record that he no longer wished to represent himself and requested the Court to re-appoint Mr. Kinney as his attorney. Mr. Kinney has been appointed under the Criminal Justice Act. The defendant's new request is yet another dilatory tactic calculated to derail the trial. The remainder of the defendant's demands are absurd, and have no basis in law or common sense.

Accordingly, it is **ORDERED** that the defendant's demands for dismissal under the Speedy Trial Act and the Double Jeopardy Clause [dkt. #174] are **DENIED** for the reasons stated here and on the record.

It is further **ORDERED** that the defendant's notice to quash, vacate proceedings, and dismiss the case for lack of subject matter jurisdiction [dkt. #175] is **DENIED** for the reasons stated here and on the record.

It is further **ORDERED** that the defendant's request to remove attorney Robert Kinney as counsel for the defendant [dkt. #177] is **DENIED** for the reasons stated here and on the record.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 17, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 17, 2015.

s/ Susan Pinkowski
SUSAN PINKOWSKI